UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| REGINA MARIE ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI,[1] ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 2:21-CV-133-TRM-JEM |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 21], filed on April 14, 2022. Plaintiff requests that the Court enter an Order awarding attorney's fees in the amount of $3,705.30—calculated at the rate of $207.00 per hour for 17.9 hours—under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). For the reasons stated more fully below, the Court will **RECOMMEND** that Plaintiff's Motion [Doc. 21] be **GRANTED**.

**I.     BACKGROUND**

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on September 2, 2021, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

On March 16, 2022, Plaintiff filed a Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 17 & 18]. On April 8, 2022, the parties filed a Joint Motion to Remand to Social Security Administration [Doc. 19]. On April 11, 2022, Chief Judge McDonough entered a Judgment Order [Doc. 20], denying as moot Plaintiff's Motion for Judgment on the Pleadings [Doc. 17], granting the parties' Joint Motion to Remand to Social Security Administration [Doc. 19], remanding the case to the Social Security Administration, and directing the Clerk of Court to close the case.

On April 14, 2022, Plaintiff filed a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, an affidavit from Plaintiff's counsel detailing the time involved in seeking relief and asserting that the Commissioner's position was not substantially justified, and Plaintiff's assignment of EAJA fees [Docs. 21, 21-1, & 21-2]. The Commissioner filed a response on April 28, 2022, stating that she has no objection to Plaintiff's request for attorney's fees in the amount of $3,705.30—representing 17.9 hours of attorney work calculated at the rate of $207.00 per hour [Doc. 22 p. 1].

## II. ANALYSIS

### A. Plaintiff is Eligible for Fees

In order to award fees under the EAJA, the Court must be satisfied that four conditions are met:

> 1. Plaintiff must be a prevailing party;
>
> 2. the Commissioner's position must be without substantial justification;
>
> 3. no special circumstances warranting denial of fees may exist; and
>
> 4. the application for attorney fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). As explained below, the Court finds that each of these conditions has been met.

### 1. The Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" description). Therefore, the Court finds that the first condition for granting attorney's fees under the EAJA has been met.

### 2. The Commissioner's Position was Without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong v. Comm'r Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (other citations omitted). The Commissioner filed a response indicating she has no opposition to the payment of the EAJA fees requested in this case [Doc. 22]. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### 3. There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

3

### 4. The Plaintiff's Request for an Award of Fees is Timely

In support of the motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 17.9 attorney hours expended, at an applicable hourly rate of $207.00 [Doc. 21-1 pp. 2–3]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### B. The Court Finds that the Fees Requested Are Reasonable

The Commissioner filed a response stating she does not oppose Plaintiff's request for attorney's fees in the amount requested. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff which amounted to 17.9 attorney hours expended—4.6 hours in 2021 and 13.3 hours in 2022, at an applicable hourly rate of $207.00 for a total award of $3,705.30.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

To support his request for an increase in the hourly rate, Plaintiff's counsel submitted an affidavit wherein he states that he has practiced in the social security field for 23 years and that the regular hourly rate he has used in social security appeals filed in federal courts is $207.00, the same rate requested in this matter [Doc. 21-1 p. 1]. The Court has considered the amount requested, and combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable. *See Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) (setting forth the cost-of-living formula to calculate the appropriate hourly rate).

## III.  CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 21] be **GRANTED**, and a judgment awarding Plaintiff the amount of $3,705.30 in attorney's fees pursuant to the EAJA be entered. However, the Court also notes that in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing that the litigant owes to the United States. If Plaintiff owes no debt to the

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

United States, the payment of EAJA fees can be made directly to Plaintiff's counsel per the assignment.

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge